UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [17]

Before the Court is Plaintiff Jamie N. Stupin and Plaintiff Nicholas R. Stupin's (collectively, "Plaintiffs") motion for remand. ECF No. 17. For the reasons below, the motion is GRANTED.

### I. Factual and Procedural Background

Plaintiffs filed a complaint in the Superior Court of California, County of Los Angeles, on July 21, 2023. Notice of Removal, Ex. A (Compl.), ECF No. 1-1. Defendant General Motors, LLC ("Defendant") removed this action to federal court on August 23, 2023. Notice of Removal, ECF No. 1. Plaintiffs filed a motion for remand on September 22, 2023. ECF No. 17. Defendant opposed this motion. ECF No. 22.

In their complaint, Plaintiffs allege that they purchased a new 2018 Chevrolet Bolt (the "Vehicle"),[1] manufactured and/or distributed by Defendant, with corresponding Vehicle Identification Number 1G1FZ6S03K4110920. Notice of Removal, Ex. A (Compl.) 2, ECF No. 1-1. Plaintiffs' complaint does not specify the purchase price of the vehicle or attach a dollar amount to the relief sought. *Id.*

---

[1] The Complaint describes the Vehicle as a 2018 model, but the lease agreement clearly shows that the Vehicle is a 2019 model. The model year is irrelevant to the Court's analysis. Strotz Decl., Ex. A (Lease Agreement), ECF No. 22-2.

:

| Initials of Preparer | PMC |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

However, the civil cover sheet indicates that the amount demanded exceeds $25,000.00. Notice of Removal, Ex. B, ECF No. 1-2. Defendant claims that the average manufacturer's suggested retail price for a model year 2018 Chevrolet Bolt was $38,677.00. Notice of Removal, Decl. of Timothy Kuhn ¶ 5, ECF No. 1-3. Plaintiffs allege that the Vehicle "is not safe or functional because the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage." Notice of Removal, Ex. A (Compl.), ¶ 16, ECF No. 1-1. Plaintiffs also allege that the Vehicle "is neither safe nor functional for normal use due to the presence of defective and dangerous lithium-ion battery modules." *Id.* ¶ 17. Plaintiffs therefore filed suit, alleging violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq., as well as common law fraud and unfair business practices under Cal. Bus. & Prof. Code § 17200.

## II.   Legal Standards

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). "'The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3–4 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020); *Lynch v. CNO Fin. Grp., Inc.*, No. 2:16-cv-06245-SVW-FFM, 2016 U.S. Dist. LEXIS 128328, at *2 ("Removal jurisdiction is disfavored."). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). That burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

    **A. Complete Diversity of Citizenship is Present in This Case**

Defendant is "a Delaware limited liability company that has its principal place of business in the State of Michigan." Notice of Removal 3, ECF No. 1. Defendant is "100% owned by General Motors Holdings LLC," a "Delaware limited liability company with its principal place of business in the State of Michigan." *Id.* "General Motors Holdings LLC is 100% owned by General Motors Company." *Id.* "General Motors Company is a Delaware corporation with its principal place of business in the state of Michigan." *Id.* at 3–4. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). For diversity purposes, a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Following the chain of ownership, Defendant is a citizen of Michigan and Delaware by its principal place of business and by its place of incorporation.

Defendant alleges that Plaintiffs are citizens and residents of the State of California. Notice of Removal 2, ECF No. 1. Plaintiffs do not dispute this; their briefs only argue that Defendant has failed to prove this fact to be true. Reply ISO Mot. to Remand 2–5, ECF No. 24. Absent a genuine dispute from Plaintiffs, all that Defendant must do at this stage is allege that diversity of citizenship exists. *See Ayala v. Ford Motor Co.*, No. 20-cv-02383-BAS-KSC, 2021 U.S. Dist. LEXIS 120298, *5 (S.D. Cal. June 28, 2021) ("[T]o remove to federal court, Ford merely had to affirmatively allege that diversity of citizenship exists. . . . If Plaintiff contests the truth of the allegation, then Ford may be required to provide more evidence. . . . Plaintiff, however, is only asserting that Ford did not meet the pleading requirement. . . . Plaintiff never asserted that he is not in fact a California citizen. Therefore, Ford only had to meet the

:

                                                                                               Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

initial requirement and simply allege diversity exists." (citations omitted)); *Nieratko*, 2021 U.S. Dist. LEXIS 185773, *5–6 ("Plaintiffs are only asserting that Ford did not meet the pleading requirement. . . . Plaintiffs never asserted they are not in fact California citizens. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists." (citation omitted)). Therefore, Defendant has adequately alleged complete diversity of citizenship.

### B. Amount in Controversy

The Complaint does not specify the amount in controversy. For this reason, the Court must determine if Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garrett v. Mercedes-Benz USA, LLC*, No. EDCV 23-223 JGB (SPx), 2023 U.S. Dist. LEXIS 61312, 2023 WL 2813564, *5 (C.D. Cal. Apr. 6, 2023) (citing *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020)).

#### i. Actual Damages

"Actual damages under the Song-Beverly Act are the 'amount equal to the actual price paid or payable by the buyer,' less the reduction in value 'directly attributable to use by the buyer.'" *Casillas v. Nissan N. Am., Inc.*, No. 8:22-cv-02013-DOC-JDE, 2023 U.S. Dist. LEXIS 50796, * (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1792(d)(2)(B)-(C)). Neither party has provided sufficient information for the Court to use the formula included in the Song-Beverly Act to apply the Act's reduction. That formula multiplies the actual price of the new vehicle paid or payable by the buyer by a fraction composed of a denominator of 120,000 and a numerator of the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair. *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 U.S. Dist. LEXIS 192386, *7 (E.D. Cal. Oct. 20, 2022). Defendant argues that it need not present evidence related to the mileage offset for two reasons: (1) Plaintiffs have not acknowledged such an offset, and (2) "Plaintiffs' theory appears to be that the vehicle's battery was defective from the time of sale such that no mileage offset is appropriate." Opp. to Mot. to Remand 4–5,

:

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

ECF No. 22. The Court agrees with Defendant's arguments; if Plaintiffs wanted to argue that the damages it was seeking were reduced by the mileage offset, they could have done so in their motion to remand as support for a lower amount in controversy value. *Salazar v. Ford Motor Co.*, No. 2:21-cv-06756-FLA (JPRx), 2022 U.S. Dist. LEXIS 205445, 2022 WL 16855563, at *7 (C.D. Cal. Nov. 10, 2022) ("Yet, despite arguing this could significantly reduce the amount in controversy, Plaintiff's papers are silent as to when, if ever, Plaintiff first provided the vehicle for repairs, the mileage upon doing so, or how many miles Plaintiff drove the vehicle. Such information is needed to calculate the offset Plaintiff seeks."). Because no such argument was made, the Court assumes Plaintiffs believe no offset is appropriate.

For the purposes of this motion, the Court uses the total cash price stated in the Retail Installment Sale Contract ("RISC") as a reasonable estimate for the actual price paid. *See* Cal. Civ. Code § 1793.2(d)(2)(B) (explaining restitution is to be measured "in an amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer."); *see Garrett*, 2023 U.S. Dist. LEXIS 61312, 2023 WL 2813564, at *7 (using RISC total cash price for calculation of actual damages); *Murrieta Alvarado v. FCA US LLC*, 2017 U.S. Dist. LEXIS 89221, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (applying "the total cash price paid for the subject vehicle"); *Luna v. FCA US LLC*, 2021 U.S. Dist. LEXIS 202421, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021) (concluding that "it is more appropriate to use the total cash price listed in the [contract]" when "the Court cannot determine whether Plaintiff has paid all the finance charges that are included in the total sale price of the Vehicle"); *Salazar*, 2022 U.S. Dist. LEXIS 205445, 2022 WL 16855563, at *6 ("Defendant does not consider, nor does the record show, the number of installment payments Plaintiff made for the amounts financed. Therefore, for purposes of this Motion, the court will consider the total cash price of $29,048 stated in the RISC as a reasonable estimate for the actual price paid." (footnote and citations omitted)). The total cash price listed on the RISC is $44,037.18. Strotz Decl., Ex. A (Lease Agreement), ECF No. 22-2. However, the following payments to the dealership must be removed: $85.00 for a "Document Processing Charge" and $30.00 for an "Electronic Vehicle

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

Registration or Transfer Charge." Once these charges are removed, the total cash price becomes $43,922.18.

### ii. There Are Insufficient Facts for the Court to Consider Civil Penalties in Determining the Amount in Controversy

Some district courts have considered civil penalties under the Song-Beverly Act when evaluating the amount in controversy. *See e.g.*, *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *8–9 (including civil penalties in amount in controversy); *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, at *8–9 (same); *Ayala*, 2021 U.S. Dist. LEXIS 120298, at *10 (same); *Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 U.S. Dist. LEXIS 49293, at *8–9 (S.D. Cal. Mar. 16, 2021) (same).

However, other courts have been more reluctant to do so. They note that "a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy." *Vega v. Ford Motor Co.*, No. 2:22-cv-01392-FLA (PDx), 2023 U.S. Dist. LEXIS 140798, *5 (C.D. Cal. Aug. 11, 2023); *see also Estrada v. FC US LLC*, No. 2:20-cv-104530PA (JPRx), 2021 U.S. Dist. LEXIS 12394, *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was too speculative and not adequately supported by the facts and evidence). "Here, Defendant offers no argument or evidence supporting the potential awarding of civil penalties beyond pointing to Plaintiff['s] speculative and boilerplate allegations regarding willfulness." *Vega*, 2023 U.S. Dist. LEXIS 140798, at *5.

Courts that have included Song-Beverly Act civil penalties in the amount in controversy often reason that requiring defendants to identify non-speculative reasons that a civil penalty may be imposed "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *See, e.g.*, *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 U.S. Dist. LEXIS 61254, 2023 WL 2813510, at *28 (C.D. Cal. Apr. 5, 2023). But that argument misunderstands what Defendant must show. Defendant must show that there are allegations in Plaintiffs' complaint that rise beyond mere speculation or conclusory theorizing; Defendant is not required to provide any evidence that those allegations in Plaintiffs' complaint are true. *Garrett*, 2023 U.S. Dist. LEXIS

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

61312, 2023 WL 2813564, at *10 ("Defendant has not bothered to cite a single specific allegation from the Complaint, raise any actual argument regarding 'willfullness' or apply analogous precedent to the facts of this case.").

The Court adopts the latter approach; Defendant must show that there is something in Plaintiffs' complaint beyond mere boilerplate recitations that Plaintiffs are entitled to a civil penalty for that civil penalty to count towards the amount in controversy. Because Defendant has not done so, it has not alleged sufficient information for the Court to consider civil penalties in the amount in controversy.

### iii. Attorneys' Fees Are Similarly Unclear

"Courts generally include attorney's fees recoverable by statute in determination of the amount in controversy." *Garrett v. Mercedez-Benz USA, LLC*, 2023 U.S. Dist. LEXIS 61312, 2023 WL 2813564, at *14 (C.D. Cal. Apr. 6, 2023) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). "The removing defendant, however, must use 'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including attorneys' fees) exceeds $75,000." *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (citing *Fritsch*, 899 F.3d at 795–96).

Defendant has pointed to several cases suggesting that awards of attorneys' fees in Lemon Law cases can, in and of themselves, clear $50,000.00. But "[p]revailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney[s'] fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so." *Vega*, 2023 U.S. Dist. LEXIS 140798 at *7–8. "Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the [C]ourt finds Defendant has failed to submit evidence substantiating any specific amount of attorney[s'] fees in controversy." *Id.* at *8. Defendant's references to other cases are unconvincing. "Defendant . . . does not discuss the facts of the cases cited or explain

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

how those cases were in any way analogous to the case at hand. . . . The fact that Plaintiffs' counsel sought and obtained significant attorney's fee awards in other actions involving the Song-Beverly Act is alone insufficient to demonstrate it is more likely than not that Plaintiffs will incur a similar fee award here." *Lopez v. Kia Am., Inc.*, No. 5:22-cv-00880-FLA (SHKx), 2023 U.S. Dist. LEXIS 169356, at *9 (C.D. Cal. Sept. 22, 2023).

### iv. Punitive Damages Are Unclear for the Same Reasons

The "inclusion of punitive damages is likewise [too] speculative and insufficient" to meet Defendant's burden. *Stephens v. FCA US, LLC*, No. 2:22-cv-09039-FLA (RAOx), 2023 U.S. Dist. LEXIS 138905, at *7–8 (C.D. Cal. Aug. 9, 2023). While Defendant has cited to other cases in which punitive damages were awarded, Defendant has not articulated "why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* at *8 (quoting *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 565 (D. Ariz. 2022)). The Court also notes that a plaintiff alleging "both a Song-Beverly claim and a tort claim . . . must elect to recover either a civil penalty or punitive damages to avoid 'double recovery.'" *Smith v. FCA US, LLC*, No. 2:21-cv-05347-FLA (GJSx), 2022 U.S. Dist. LEXIS 118095, at *7 (C.D. Cal. July 5, 2022) (citing *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 226-28, 220 Cal. Rptr. 712 (1985); *Clauson v. Superior Court*, 67 Cal. App. 4th 1253, 1256, 79 Cal. Rptr. 2d 747 (1998)). To the extent that Plaintiffs have alleged both, only one should be included in the amount in controversy calculation. However, Defendant appears to have attempted to count both the Song-Beverly civil penalty and punitive damages towards the amount in controversy. Def. General Motors' Opp. to Pl.'s Mot. to Remand 3–8.

### III. Conclusion

Defendant has not carried its burden to establish that the amount in controversy requirement for federal jurisdiction is present in this case. The only concrete number which the Court includes in the amount in controversy is the price of the Vehicle, which is well below $75,000.00. Defendant has not

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06943-SVW-MAA | Date | February 27, 2024 |
|---|---|---|---|
| Title | *Jamie N. Stupin et al. v. General Motors LLC et al.* | | |

pointed to specific allegations in Plaintiffs' complaint that establish that claims for civil penalties are anything more than boilerplate. Defendant has not established how the facts of the present case are similar to those cases cited for its benchmarks for attorney's fees. And finally, Defendant has not explained why the facts as alleged by Plaintiffs might warrant the imposition of punitive damages. For the foregoing reasons, the Court GRANTS Plaintiffs' motion for remand.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |